United States District Court
Middle District of Florida
Jacksonville Division

**SHEPHERD LITSEY,**

    **Plaintiff,**

v.                                    **NO. 3:22-cv-418-BJD-LLL**

**FLORIDA DEPARTMENT OF CORRECTIONS, ET AL.,**

    **Defendants.**

_____

**Order**

Plaintiff, an inmate of the Florida penal system, is proceeding pro se and in forma pauperis on an amended complaint for violation of civil rights, doc. 4, in which he alleges the Florida Department of Corrections (FDOC) and its contract healthcare companies, Centurion and Corizon, denied him clinically recommended treatment for his chronic Hepatitis C Virus infection (HCV) from 2003 through 2018. Doc. 4 at 4-7, ¶¶ 1, 4, 16, 19. Plaintiff acknowledges he received treatment beginning in about March or April 2018, but only after the "Northern District Court of Florida in *Hoffer v. Inch*, Case No. 4:17-cv-214-MW/CAS, ordered [the FDOC] to begin treating all inmates with chronic HCV." *Id.* at 7, ¶¶ 20, 25.

Plaintiff contends Centurion and Corizon violated his Eighth Amendment rights by "unjustifiably" delaying or denying medically recommended treatment pursuant to unconstitutional policies, practices, or customs. *Id.* at 5, 14, ¶¶ 4, 6-9, 72, 79. In addition to the Eighth Amendment claim, plaintiff asserts the FDOC

discriminated against him in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). *Id.* at 10-13, ¶¶ 39-69. Plaintiff seeks compensatory and punitive damages and injunctive relief, including "recommendation for possible liver transplant when [his] liver reaches the future stage of decompensated cirrhosis" and ameliorative care. *Id.* at 15-16.

Upon review of the amended complaint, plaintiff has failed to set forth his claims sufficiently. Thus, he is directed to file a second amended complaint in compliance with federal pleading standards, as set forth below.

The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To survive dismissal, a complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).

Plaintiff's amended complaint is deficient for two reasons. First, it is not clear what defendants the plaintiff is trying to sue. In the case caption of the plaintiff's amended complaint, doc. 4, he names as defendants the FDOC, Centurion, and Corizon; however, in the list of defendants in section I.B. of his amended complaint, doc. 4 at 1-3, plaintiff also includes Mark Inch and Ricky Dixon, the former and current Secretaries of the FDOC, both in their individual and official capacities. Plaintiff does not assert claims against Inch or Dixon in the body of his pleading, *id.* at 10-14, but, in his request for relief, he seeks compensatory damages from them in their individual capacities, *id.* at 15-16.

Second, the factual allegations supporting plaintiff's claims against Centurion and Corizon are unclear. Plaintiff says he "repeatedly requested HCV treatment, both verbally and through the grievance process" between 2003 and 2018 but was "repeatedly told that he did not qualify for treatment." *Id.* at 8, ¶ 29. Plaintiff does not specify when he requested treatment or from whom; nor does he say who denied his requests. This information is relevant because Centurion and Corizon were under contract to provide medical care for FDOC inmates at different times: Corizon was the contract provider until May 2016, and Centurion was the provider thereafter. Plaintiff's vague, conclusory assertion that he repeatedly requested treatment "[t]hroughout his entire incarceration" fails to put the contract medical providers on notice of the nature of the claims against them and the grounds upon which those claims rest. *See Twombly*, 550 U.S. at 555. Also confusing is that plaintiff alleges he

3

filed grievances "[t]hroughout his incarceration," which began in 2003, but later says, "[n]o grievances were ever filed prior to the DAA treatment provided in 2018," suggesting he may not have exhausted his administrative remedies. *Id.* at 17.

If plaintiff chooses to amend his complaint, he should assess his case and name only those allegedly responsible for violating his federal constitutional rights as defendants; he must also allege specifically how each defendant is responsible for his alleged harm. A claim against a prison official in his or her "official capacity" is essentially a claim against the entity or agency for whom the official works—in this case, the FDOC. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Plaintiff also must comply with the instructions that follow.

1. The amended complaint must be marked, "Second Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[1]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured plaintiff.

8. In section VI, "Relief," there must be a statement of what plaintiff seeks through this action.[2]

9. In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust each claim.[3]

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

---

[1] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

[2] Plaintiff is advised that Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

[3] "A prisoner must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219-20 (2007)).

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and that he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts, but truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's second amended complaint must be complete, including all related claims he wishes to raise, and must not refer back to his original or amended complaints.

It is **ordered**:

1. The **Clerk** shall send plaintiff a Civil Rights Complaint form.

2. By **September 21, 2022**, plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

3. Plaintiff's failure to comply with this order may result in the dismissal of this case.

**Ordered** in Jacksonville, Florida, this 22nd day of August 2022.

*[signature]*
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Shepherd Litsey