United States District Court
Middle District of Florida
Jacksonville Division

**SHEPHERD LITSEY,**

    Plaintiff,

v.                                                                                    **NO. 3:22-cv-418-BJD-LLL**

**THE FLORIDA DEPARTMENT OF CORRECTIONS, ET AL.,**

    Defendants.
_____

### Order

Plaintiff, an inmate of the Florida Department of Corrections (FDOC), is proceeding pro se and in forma pauperis on a second amended civil rights complaint against the FDOC, Corizon,[1] and Centurion for their alleged deliberate indifference to his Hepatitis C condition. *See generally* doc. 8. Defendants Corizon and Centurion move for leave to conduct early limited discovery in expectation of filing motions to dismiss. Docs. 13, 23. Corizon seeks discovery of plaintiff's "medical records, grievance records, classification file[,] and overall inmate record." Doc. 13 at 2. Centurion, on the other hand, seeks discovery solely of plaintiff's grievance records.

---

[1] The Court directs the **clerk** to correct the name of defendant "Corizon of Florida, LLC" to "Corizon Health, Inc." *See* motion, doc. 13.

Doc. 23 at 2. Additionally, Centurion requests an extension of time to respond to the complaint. *Id.* at 1, 5.

Plaintiff partially opposes the motions. Docs. 16, 24. He consents to Centurion's request for more time to respond to his complaint and to Corizon's and Centurion's requests to conduct early discovery of records related to his Hepatitis C condition. *See* doc. 16 at 3; doc. 24 at 1. He opposes the requests to conduct early discovery of anything beyond his medical and grievance records related solely to the treatment of his Hepatitis C condition. Doc. 16 at 1 n.1, 3; Doc. 24 at 1.[2] After review, the Court determines Corizon's motion, doc. 13, should be granted in part and Centurion's motion, doc. 23, should be granted in full.

Under Rule 26(d) of the Federal Rules of Civil Procedure and in the interest of justice, district courts may authorize early discovery "of any relevant matter for good cause." *Malibu Media, LLC v. Doe*, No. 2:13-cv-259-Ftm-99SPC, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013). For instance, early discovery may be appropriate when a motion under Rule 12(b) would require a court to make factual findings. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction [under Rule] 12(b)(2)—may require some limited discovery before a meaningful ruling can be made.").

---

[2] Corizon filed a response to plaintiff's notice, doc. 18, which the Court has reviewed and considered.

2

According to Corizon and Centurion, they each expect to assert exhaustion as a defense in their responsive pleadings. Doc. 13 at 3; Doc. 23 at 3. Because exhaustion should be raised at the earliest opportunity, preferably in a motion to dismiss, the requests to conduct early discovery of grievance records are reasonable. Plaintiff, however, asks that the scope of grievance records be limited to his Hepatitis C condition, but the Court finds that this would place an unnecessary burden on prison officials. Therefore, the Court grants the motion by defendants to access all the plaintiff's grievance records.

Corizon's request for plaintiff's medical records, classification file, and overall inmate record, however, is denied. Corizon does not say why it needs medical records. Regarding plaintiff's classification file and overall inmate record, Corizon merely states they are needed to determine where plaintiff has been incarcerated because "Corizon did not have a contract for all prisons operated by the FDOC." Doc. 13 at 2. But plaintiff's complaint names the prisons where he alleges he was denied—over his request—medical care for his Hepatitis C condition. *See generally* doc. 8. In ruling on a motion to dismiss, the Court accepts plaintiff's allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, prison grievance records typically identify the institution at which an inmate is housed when a grievance is filed.

The Court finds good cause to grant leave to permit early limited discovery of plaintiff's complete prison grievance records and, therefore, **grants in part** Corizon Health, Inc.'s motion, doc. 13, and **grants** Centurion's motion, doc. 23. Corizon has

3

not shown that plaintiff's medical records, classification file, and overall inmate record are relevant to any defense at this early stage of the proceedings and, therefore, the Court **denies** Corizon Health, Inc.'s motion, doc. 13, as to those records.

Additionally, the Court **grants** Centurion's request for more time to respond to the complaint, doc. 23. Centurion must respond to plaintiff's second amended complaint, doc. 8, by **February 17, 2023**.

The Court **denies as moot** plaintiff's motion for an extension of time to respond to Corizon's motion, doc. 25. In his notice, doc. 16, plaintiff states his position on the motion. A more substantive response is not warranted and will only unnecessarily delay the proceedings.

**Ordered** in Jacksonville, Florida on December 22, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Shepherd Litsey, #045960, pro se
    Union Correctional Institution
    P.O. Box 1000
    Raiford, FL 32083
Gregg A. Toomey, Esquire
Jacob B. Hanson, Esquire