UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHEPHERD LITSEY,

        Plaintiff,

v.                                                        Case No. 3:22-cv-418-BJD-LLL

THE FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____

## ORDER

        Plaintiff, a state inmate, initiated this action on April 13, 2022 (Doc. 1). He is proceeding on a second amended complaint (Doc. 8; Sec. Am. Compl.) against Corizon, Centurion, and the Florida Department of Corrections (FDOC) for alleged denial or inadequate treatment of his Hepatitis C condition from late 2013 through October 2017. *See* Sec. Am. Compl. ¶¶ 4, 10. Defendant Corizon filed a suggestion of bankruptcy on February 17, 2023 (Doc. 32). As such, the Court stayed the proceedings as to Corizon. *See* order (Doc. 34). Defendant Centurion filed a motion to dismiss the same day Corizon filed its suggestion of bankruptcy (Doc. 33) but, in light of the automatic stay as to Corizon, moves to stay the entire case (Doc. 35; Centurion Mot.). The FDOC filed a notice of joinder in the motion to stay (Doc. 36), but that request is now moot because Plaintiff settled his claims against the FDOC and has filed a

notice of voluntary dismissal as to the FDOC only (Doc. 43). He opposes Centurion's motion to stay (Doc. 41; Pl. Resp.).

Centurion argues a stay of the entire case is warranted because issues of "causation are inexplicably intertwined" and proceeding on Plaintiff's claims against Centurion separately "would lead to a duplication of much effort for Plaintiff and the Court." *See* Centurion Mot. ¶¶ 4, 5. In opposition to the motion, Plaintiff argues he will be prejudiced by a stay, whereas Centurion will not. *See* Pl. Resp. at 2. With respect to prejudice, Plaintiff contends the stay could last for years, during which time evidence could be lost or, given his advanced age and deteriorating health, he could die. *Id.* at 2-4. Plaintiff further asserts the parties will be able to seek discovery from Corizon as a "non-party witness," and it will not be difficult to apportion fault without Corizon's participation. *Id.* at 5-7.

In his second amended complaint, Plaintiff alleges all Defendants "had a policy, practice, and custom of not providing DAA [direct-acting antiviral] drugs to inmates with chronic HCV [Hepatitis C Virus]," allegedly because of cost. Sec. Am. Compl. ¶¶ 4, 10, 14. Plaintiff alleges that Corizon provided healthcare for FDOC inmates until May 2016, when Centurion took over the medical services contract. *Id.* ¶¶ 6, 8. Plaintiff alleges, "As FD[O]C's current healthcare services provider, Defendant Centurion has utilized the same

2

policy, practice, and custom of not providing DAA drugs to inmates with HCV as Defendant Corizon and Defendant FD[O]C." *Id.* ¶ 6.

A district court has discretion to stay a case when warranted. Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Other judges of this Court have considered whether a stay of the entire case is appropriate in circumstances nearly identical to those presented here, namely in cases in which a plaintiff alleges both Corizon and Centurion were responsible at different times for failing to treat his HCV while incarcerated in a prison operated by the FDOC. *See* Case Nos. 3:22-cv-39-HLA-LLL (staying the entire case over the plaintiff's strong objection because causation was "inextricably intertwined" and the parties would "not be able to conduct discovery concerning the actions of Corizon" ); 3:21-cv-712-MMH-JBT (concluding the plaintiff's allegations and claims against Centurion and Corizon "sufficiently overlap[ped] to warrant a stay," over the plaintiff's objection, to avoid potential "piecemeal litigation").

The undersigned finds these orders persuasive and adopts their reasoning. Based on Plaintiff's own allegations, it appears that issues of liability and causation are "inextricably intertwined." Plaintiff alleges Corizon

3

and Centurion had a "policy, practice, and custom of not providing DAA drugs to inmates with chronic HCV," including himself, allegedly because of cost. *See* Sec. Am. Compl. ¶¶ 4, 10, 14. Plaintiff names both Centurion and Corizon in a single count: an Eighth Amendment *Monell*[1] claim (Count III). *Id.* ¶¶ 70-80. In that claim, Plaintiff incorporates by reference all prior factual allegations in which he blames Defendants collectively for his injuries. *Id.* Even though Plaintiff alleges Corizon and Centurion held the contract with the FDOC at different times, his joint claim against these Defendants is "comprised of common questions of law and fact more suitably resolved in a single proceeding." *See Peterson v. Avantair, Inc.*, No. 8:13-cv-1683-T-33EAJ, 2013 WL 4506414, at *2 (M.D. Fla. Aug. 23, 2013) (concluding a stay of the proceedings was warranted because the claims against the non-debtor individual defendants were "based on the very same facts" as the claim against the debtor company defendant).

Moreover, while courts have acknowledged that parties may seek discovery from debtors against whom a stay is in place, such discovery may extend only to "claims against non-debtors." *See, e.g., Fratelli Cosulich Unipessoal, S.A. v. Specialty Fuels Bunkering, LLC*, No. 13-00545-KD-C, 2014 WL 2611547, at *10 (S.D. Ala. June 11, 2014) (citing cases) (noting the parties

---

[1] *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978).

4

would be able to seek discovery from a debtor company who was not a named defendant even though the plaintiff alleged the non-debtor defendant companies were merely "alter egos" of the debtor company); *see also In re Miller*, 262 B.R. 499, 504 (B.A.P. 9th Cir. 2001) (holding the plaintiff did not violate the stay as to the debtor by subpoenaing the debtor for a deposition because the plaintiff was "pursu[ing] discovery [solely] with respect to her claims" against the non-debtor defendant who happened to be the debtor's husband). Here, because Plaintiff's allegations and claims against Centurion and Corizon are so intertwined, and because Corizon held the medical services contract for more than half the time Plaintiff alleges he was denied medical care, any discovery from Corizon—even in its role as a purported witness—potentially could violate the stay.

For the reasons stated, the Court exercises its discretion to stay the case as to Centurion to avoid duplication of efforts or inconsistent verdicts. The stay will not be indefinite. Centurion will be ordered to notify the Court as to any action in the bankruptcy proceedings that may affect the stay in this case.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Voluntary Dismissal With Prejudice of Defendant Florida Department of Corrections under Rule 41(a)(2) of the

Federal Rules of Civil Procedure (Doc. 43) is **GRANTED**. All claims against the FDOC are **DISMISSED with prejudice**.

2. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, finding no just reason for delay, the **Clerk** is directed to enter judgment dismissing the claims against the FDOC and terminate it as a party to this case.

3. The FDOC's notice of joinder in Centurion's motion to stay (Doc. 36) is **DENIED as moot**.

4. Centurion's motion to stay (Doc. 35) is **GRANTED**.

5. This case is **STAYED**, and Centurion's motion to dismiss (Doc. 33) is **DENIED as moot**.

6. Centurion shall file a notice every **120 days** from the date of this Order updating the Court on the status of Corizon's bankruptcy proceedings. Regardless of the 120-day-notice cycle, Centurion shall immediately notify the Court of any action by the bankruptcy court that may affect the stay in this case.

7. The **Clerk** shall **ADMINISTRATIVELY CLOSE** this case pending further order.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of May 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Shepherd Litsey
Counsel of Record